UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SANDRA CUNDIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:06-CV-437 |
| | ) (GUYTON) |
| RODNEY D. POSTEL, Individually, and in | ) |
| his official capacity, BLOUNT COUNTY | ) |
| SHERIFF, JAMES BERRONG, Individually, | ) |
| and in his official capacity, and BLOUNT | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 11], on the defendants' Motion to Compel. [Doc. 25] The defendants move the Court to overrule the plaintiff's objections to the defendants' Interrogatories and Request for Production of Documents and Tangible Things propounded on December 6, 2007, and to compel the plaintiff to respond to the objected to items. The plaintiff opposes the motion, arguing that the items at issue improperly delve into plaintiff's counsel's mental impressions and legal theories, and thus that the plaintiff's objections should be sustained. The parties appeared before the Court on February 19, 2008, for a hearing on the instant motion. Attorney Janet Leach Hogan appeared on behalf of the plaintiff, while attorneys Gary M. Prince and Carl P. McDonald appeared on behalf of the defendants.

The specific discovery requests and responses at issue are as follows:

1. In paragraph 10 of your Complaint, you allege County, Berrong, and other supervisors and department officials who are liable to the Plaintiff for improperly authorizing exceedingly dangerous methods or conducting a traffic stop and/or failure to implement a policy and procedure and train and/or supervise Postel for the appropriate circumstances and conditions for using a dangerous vehicle crashing maneuver, and the County and Berrong failed to adequately train, supervise and test Postel in proper execution techniques and/or procedures for stopping vehicles without causing injury by use of this excessive, unnecessary and dangerous maneuver. State each specific policy, procedure, custom, pattern, inadequate training, regulation and decision officially adopted of County or by a County person with final policy-making authority which directly caused injury to the Plaintiff, that evidence any of the allegations contained in this paragraph, and the names of all persons with evidence with regard to this allegation.

Answer: Objection. The question seeks the privileged mental impressions and theories of counsel which are protected by the work produce privilege and Rule 26(b)(3) of the Federal Rules of Civil Procedure. The basis for all allegations can be found in the materials already exchanged in discovery which include, the videotapes from the police cruisers, the policy and procedures of the Blount County Sheriff Department, training materials provided to plaintiff's [sic] by the defendants, and the deposition testimony.

2. In paragraph 11 of your Complaint, you allege the actions of County, Postel, in his official capacity, and Berrong, in his official capacity, evidence deliberate indifference to the rights of you and an intent to deprive you of your clearly established constitutional rights. State with specificity each action by these Defendants in those capacities which support the allegations contained in paragraph 11, and the names of all persons with evidence with regard to this allegation.

Answer: Objection. See response to Number 1 above.

Request for Production of Documents and Tangible Things: Pursuant to Rule 34.01, Tennessee Rules of Civil Procedure, the Defendants herein request the production for inspection and copying of the following documents: any and all documents or tangible things that evidence any answers to the above interrogatories.

2

> Response: See answer to Interrogatory Number 1. All the tangible documents were received by the plaintiff from the defendants and in control of the defendants and are identified in the above response.

[Doc. 25, Exhibit 2]

Under Rule 26(b)(3) of the Federal rules of Civil Procedure, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning litigation." Underlying this prohibition is the policy articulated by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495 (1947):

> In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be relevant from irrelevant facts, prepare his legal theories and plan strategy without undue and needless interference.

Id. at 510-11. "This protection is not limited to documents and tangible things that are protected under Fed. R. Civ. P. 26(b)(3)." Hoffman v. United Telecommunications, Inc., 117 F.R.D. 436, 439 (D. Kan. 1987).

However, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." Fed. R. Civ. P. 33(b). The advisory committee's note to Rule 26(b)(3) states that:

> Rules 33 and 36 have been revised in order to permit discovery calling for opinions, contentions, and admission relating not only to fact, but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents are protected

3

> against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use.

Fed. R. Civ. P. 26(b)(3) advisory committee's note. Additionally, the advisory committee's note to Rule 33(b) states that:

> Rule 33 is amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to "permit" factual opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. On the other hand, under the new language interrogatories may not extend to issues of "pure law," i.e. legal issues unrelated to the facts of the case.

Fed. R. Civ. P. 33(b) advisory committee's note.

After a review of the record in this case, the Court determines that the plaintiff's theory of the case has been sufficiently disclosed and that to require plaintiff to answer the interrogatories at issue would delve into areas of pure law, resulting in the impermissible disclosure of the plaintiff's counsel's mental impressions. The Court finds that the plaintiff's complaint, coupled with her response to the pending motion for summary judgment, as well as all other evidence of record, adequately describes the basis for plaintiff's claims and provides the defendants with proper notice. The Court does not find that the defendants are entitled to more.[1] Accordingly, the plaintiff's

---

[1] With respect to the defendants' argument that the plaintiff's expert has indicated that his opinions are subject to change, the Court notes that plaintiff's expert disclosures in this matter are due on or before March 17, 2008, and the trial is set for July 14, 2008. Should the plaintiff's expert seek to change his opinions after the expert disclosure deadline, the defendants may bring the proper motion at that time.

objections to the interrogatories at issue are **SUSTAINED** and the defendants' motion to compel [Doc. 25] is hereby **DENIED**.

      **IT IS SO ORDERED.**

                                             **ENTER:**

                                              <u>    s/ H. Bruce Guyton    </u>
                                              United States Magistrate Judge